**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
CHASHA KUZECKI

                                                              **ANSWER TO COMPLAINT**

        Plaintiff,

                                                                     11-5783(FB)(CLP)

    -against-

TATE & KIRLIN ASSOCIATES, INC.

        Defendant.
-------------------------------------------------------------------------X

        Defendant Tate & Kirlin Associates, Inc., P.C., by its attorney Mel S. Harris and Associates, LLC, answer plaintiff's complaint as follows:

        1.  Defendant acknowledges being sued pursuant to federal law, but denies any violation thereof.  Defendant denies each and every other allegation contained in paragraph "1" of the complaint and states that the referenced case law speaks for itself.

        2. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "2" of the complaint.

        3. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of the complaint.

        4. Defendant admits the allegations contained in paragraph "4" of the complaint.

        5.  Defendant admits that it is regularly engaged, for profit, in the collection of debts owed by consumers. Defendant denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "5" of the complaint.

        6. Defendant avers that paragraph "6" seeks a legal conclusion to which no response is necessary.

        7. Defendant admits this Court has jurisdiction over plaintiff's claims.

8. Defendant admits that venue is proper. Defendant denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "8" of the complaint.

9. Defendant admits only that it attempted to collect an unpaid defaulted account from plaintiff. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of the complaint.

10. Defendant admits only that a letter was sent to plaintiff on or about July 12, 2011. Defendant denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "10" of the complaint.

11. Defendant denies each and every allegation contained in paragraph "11" of the complaint.

12. Defendant admits only that it attempted to contact a 917 number. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "12" of the complaint.

13. Defendant denies each and every allegation contained in paragraph "13" of the complaint.

14-1. Defendant denies that there was a communication as claimed. Defendant denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "14-1" of the complaint.

15-1. Defendant denies that there was a communication as claimed. Defendant denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "15-1" of the complaint.

16-1. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16-1" of the complaint.

17-1. Defendant avers that paragraph 17-1 violates the "short and plain" requirement under Fed R. Civ. P. 8(a), and that no response is necessary. In addition to the foregoing, defendant denies each and every allegation contained in paragraph 17-1.

15-2.  Defendant denies each and every allegation contained in paragraph "15-2" of the complaint.

16-2.  Defendant denies each and every allegation contained in paragraph "16-2" of the complaint.

17-2.  Defendant denies each and every allegation contained in paragraph "17-2" of the complaint.

18.  Defendant denies each and every allegation contained in paragraph "18" of the complaint.

19.  Defendant denies each and every allegation contained in paragraph "19" of the complaint.

20.  Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "20" of the complaint.

21.  Defendant denies each and every allegation contained in paragraph "21" of the complaint.

22.  Defendant avers that paragraph "22" seeks a legal conclusion to which no response is necessary.  Defendant further avers that there are no supporting facts that defendant allegedly failed to announce "its collection purpose."

23.  Defendant denies each and every allegation contained in paragraph "23" of the complaint.

24.  Defendant hereby repeats the answer to Paragraphs 1-23 of this Answer as the answer to this Paragraph 24 of the Complaint as though fully set forth herein.

25.  Defendant denies each and every allegation contained in paragraph "25" of the complaint.

26.  Defendant denies each and every allegation contained in paragraph "26" of the complaint.

27.  Defendant denies each and every allegation contained in paragraph "27" of the complaint.

28. Defendant denies each and every allegation contained in paragraph "28" of the complaint.

29. Defendant avers that Rule 23 speaks for itself and that no response is necessary. Defendant denies that plaintiff's allegations satisfy the Rule 23 requirements.

30. Defendant denies that a class action is appropriate in this case. Defendant denies the remainder of allegations contained in paragraph "30" of the complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of the complaint.

32. Defendant avers that the applicable legal standard speaks for itself and no response is necessary. Defendant denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "32" of the complaint.

33. Defendant denies each and every allegation contained in paragraph "33" of the complaint.

34. Defendant denies each and every allegation contained in paragraph "34" of the complaint.

35. Defendant hereby repeats the answer to Paragraphs 1-34 of this Answer as the answer to this Paragraph 35 of the Complaint as though fully set forth herein.

36. Defendant denies knowledge or information sufficient to form a belief as to whether it called any cellular telephone number, what the subject telephone number is, and any respective attempts to the unidentified number. However, defendant submits that it conducts a cellular telephone scrub of any number it plans to call, and, if it is determined that a given number may be associated with a cellular telephone number, it is only called manually by a human collector and not with the aid of a dialer. The telephone scrub was utilized in this case, and, upon information and belief, any known telephone number was called manually. Additionally, defendant denies that it utilized any pre-recorded telephone messages.

37. Defendant denies each and every allegation contained in paragraph "37" of the complaint.

38.  Defendant denies each and every allegation contained in paragraph "38" of the complaint.

39. Defendant avers that the damages provision of the TCPA speaks for itself and that no response is necessary.  Defendant further denies that there was any TCPA violation in this case.

40. Defendant denies each and every allegation contained in paragraph "40" of the complaint.

41. Defendant denies each and every allegation contained in paragraph "41" of the complaint.

42. Defendant avers that the TCPA and respective CFR provisions speak for themselves and that no response is necessary.  Further, defendant denies each and every other factual allegation contained in paragraph "42," denies that the referenced provisions are applicable to this case and denies that it violated the TCPA.

43. Defendant denies each and every allegation contained in paragraph "43" of the complaint.

44. Defendant denies each and every allegation contained in paragraph "44" of the complaint.

45. Defendant avers that the TCPA and respective CFR provisions speak for themselves and that no response is necessary.  Further, defendant denies each and every other factual allegation contained in paragraph "45," denies that the referenced provisions are applicable to this case and denies that it violated the TCPA.

46. Defendant denies each and every allegation contained in paragraph "46" of the complaint.

47. Defendant denies each and every allegation contained in paragraph "47" of the complaint.

48. Defendant denies each and every allegation contained in paragraph "48" of the complaint.

49. Defendant denies each and every allegation contained in paragraph "49" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. Upon information and belief, if the alleged calls were made to plaintiff as claimed, there was prior express consent for the calls, shielding defendant from any TCPA liability. 47 U.S.C. § 227(b)(1)(A).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. Defendant is shielded from any liability based on reasonable practices and procedures instituted by defendant to avoid any alleged violations of the TCPA. 47 U.S.C. § 227(c)(5)(C). Specifically, defendant conducts a "cellular telephone scrub" and only calls any number deemed to be a cellular telephone number manually, without the assistance of a dialer.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. Any act or omission by defendant, if determined to be in violation of the Fair Debt Collections Practices Act ("FDCPA"), which defendant denies, was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. The Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

**WHEREFORE,** Defendant respectfully prays that this action be dismissed with prejudice in its entirety and that Defendant be awarded reasonable attorneys' fees and costs incurred to date in defending this action and for such other and further relief as this Court deems proper.

Dated: New York, NY
       May 1, 2012

                                              /S/ Hilary Korman_____
                                              Hilary Korman, Esq.
                                              Mel S. Harris and Associates, L.L.C.
                                              Attorneys for Defendant
                                              Direct Dial: (212) 571-4900 ext. 309
                                              Direct Facsimile: (212) 660-1018
                                              E-mail: hkorman@melharrislaw.com