# Mel S. Harris and Associates, LLC
## ATTORNEYS AT LAW
5 HANOVER SQUARE, 8th Floor
NEW YORK, NY 10004
Tel (866) 414-7444  (212) 571-4900
Fax (212) 571-0965

MEL S. HARRIS
DAVID WALDMAN
ARTHUR SANDERS
<u>SCOTT WORTMAN</u>

HILARY KORMAN
JOEL VAGO
SHELBY K. BENJAMIN
RACHEL HISLER

July 26, 2012

<u>**VIA ECF & FIRST CLASS MAIL**</u>
Hon. Cheryl L. Pollak, U.S.M.J.
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Chambers Room 1230
Brooklyn, NY. 11201

RE:   **LETTER MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY**
*Kuzecki against Tate & Kirlin Associates, Inc.*
U.S. District Court, E.D.N.Y. Case No. 11-cv-05783-FB-CLP

Dear Judge Pollak:

We are the attorneys for the defendant Tate & Kirlin Associates, Inc. in the above-styled action.  The purpose of this letter is to request an order to compel plaintiff to respond to defendant's already delinquent discovery requests pursuant to the Court's Individual Rules and Local Civil Rule 37.3, and for any further or other appropriate relief.  Defendant has attempted to meet and confer with plaintiff but has been unable to resolve the dispute, as described in detail below.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff filed the instant putative class action complaint on or around November 2011.  Among other things, plaintiff alleges violations of the Fair Debt Collections Practices Act ("FDCPA") related to alleged third party disclosure of plaintiff's debt to a neighbor in violation of 15 U.S.C. § 1692c(b) (see Complaint ¶¶11-13), in addition to alleged third party disclosure in violation of the same provision as a result of defendant leaving a message "on plaintiff's family's voicemail which was overheard by a friend who was not authorized to hear such messages," (Complaint ¶ 19) both of which resulted in additional violations of corresponding provisions of the FDCPA related to alleged harassment.  Plaintiff also asserts violations of the Telephone Consumer Protection Act ("TCPA") related to calls placed to a "wireless device" in violation of 47 U.S.C. § 227(b)(1)(A)(iii).  Rather than the typical TCPA claim related to alleged unauthorized calls to a cellular telephone, over the course of litigation, it has been discovered that plaintiff attributes the "illegal calls" to an obscure "Evoice" service that plaintiff allegedly employs.

To date, defendant has produced business records and sound recordings indicating that it was impossible for any message to have been relayed to plaintiff's neighbor, that any message left for plaintiff was to his

Hon. Cheryl L. Pollak
July 26, 2012
Page 2

personal telephone number, and that no calls to plaintiff could fall under the purview of TCPA regulation as they were placed by a human, rather than some kind of automatic "dialer." *See* 47 U.S.C. § 227(a)(1) and 47 U.S.C. § 227(b)(1)(A)(iii). Despite plaintiff's counsel's admission at the initial conference that, if defendant's position were true, that plaintiff would have "issues," and despite the subsequent disclosure of supporting evidence from defendant, along with plaintiff's total failure to produce any evidence to support his claims, let alone his class claims, as described below, plaintiff refuses to dismiss this case.

On 6/8/2012 defendant served its discovery demands upon plaintiff (*see* **Exhibit A**). The 7/9/2012 response date came and went without responses from plaintiff or any affirmative request for an extension. On 7/10/2012 the undersigned requested a status regarding the responses from plaintiff's counsel in an attempt to meet and confer. In response, three days later, on 7/13/2012, plaintiff's counsel only generally stated that he needed additional time. The undersigned gave plaintiff a few more days, and, when the responses were still not forwarded, on 7/17/2012, requested a specific date when the responses would be received. Despite the voluntary extension already provided by defendant, and without any kind of explanation for the delay, plaintiff stated that he needed *another* two weeks to respond.

In response, the undersigned stated that defendant would agree to an extension only to 7/25/2012 so that defendant would still have an opportunity to review the documents and information prior to the upcoming status conference before the Court. In response, plaintiff stated, "I will do the best I can to have them earlier but cannot promise." In response, the undersigned stated that the 7/25/2012 extension was a firm date and that "Plaintiff has yet to produce an iota of support for his claims in the complaint and this case cannot drag on this way" and that defendant would bring any further delays to the Court's attention.

Plaintiff did not respond to the final e-mail from defendant and did not furnish responses on 7/25/2012, despite another reminder e-mail sent to plaintiff's counsel on 7/25/2012. Additionally, plaintiff has not requested any further extensions nor made any pertinent application to the Court.

## ARGUMENT AND RELIEF REQUESTED

In light of plaintiff's lackadaisical approach to statutory deadlines, even after defendant's consent to extensions despite no affirmative request for an extension from plaintiff nor any explanation for the delay, it seems defendant will never receive evidentiary or factual support for plaintiff's claims, if it exists, without outside urging by the Court. Especially because plaintiff has not yet produced even a modicum of support for his claims, but still insists on furthering this case, it is essential that plaintiff fulfill his end of the bargain and substantiate his basis for bringing this suit.

In addition, in light of the above-stated issues, it is vital that defendant review plaintiff's responses prior to next week's court conference, and prior to the scheduling of depositions of at least three witnesses, unfortunately, plaintiff's continued delay further compromises defendant's legitimate discovery efforts.

For all of these reasons, defendant respectfully requests that the Court issue an order compelling plaintiff to immediately respond to defendant's discovery, as well as any further relief that the Court deems appropriate.

Thank you for your consideration.

Hon. Cheryl L. Pollak
July 26, 2012
Page 3

Respectfully submitted,

_____/s/ Hilary Korman_____
Hilary F. Korman, Esq.
Attorney for Defendant
Mel S. Harris & Associates, LLC
5 Hanover Square, 8th Fl.
New York, NY. 10004
(212) 571-4900 Ext. 3309


*cc*:
Adam Fishbein
Attorney for Plaintiffs
By Electronic Mail (fishbeinadamj@gmail.com) & ECF