UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHASHA KUZECKI

                                                                                                **DEFENDANT'S FIRST**
                                                                                                **DISCOVERY DEMANDS**

        Plaintiff,

                                                                                                                      11-5783(FB)(CLP)

    -against-


TATE & KIRLIN ASSOCIATES, INC.

        Defendant.
------------------------------------------------------------------------X

      Defendant, TATE & KIRLIN ASSOCIATES, INC., hereby requests that plaintiff CHASHA KUZECKI respond to the following requests for interrogatories and request for production of documents pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. Documents should be copied and sent to defendant's counsel on the date your response is due.

      Throughout this request:

1. Unless otherwise specified in a particular paragraph, the time period covered by this request is November 2010 to the present.

2. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please:

   a. Identify the subject matter, type (e.g., letter memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addresses;

   b. Identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;

   c. State what privilege is claimed; and

   d. State the basis upon which the privilege is claimed.

3. If any document requested was, but no longer is, in your possession or subject to your control, please state:

   a. That date of its disposition;

   b. The manner of its disposition (e.g., lost, destroyed transferred to a third party); and

   c. An explanation of the circumstances surrounding the disposition of the document.

## DEFINITIONS

**A.** The term document includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes correspondence; communications of any nature; telegrams; memoranda; notebooks of any character, summaries or records of personal conversations; diaries; reports; publications; bills; photographs, microfilm, microfiche, and similar media; transcripts of oral testimony or statements; court papers; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks tapes, electronic information, including e-mails, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character an not a part of the original text, is to be considered a separate document.

**B.** References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to.

**C.** "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

**D.** "Identify" or "identification" when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

**E.** "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter memorandum, etc,); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have receipted a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each custodian; and the date of the making of the document.

**F.** "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure transfer or exchange of information, whether orally or by document or whether face to face, by telephone, mail, personal delivery, or otherwise.

**G.** "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place, the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

**H.** "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

## INSTRUCTIONS

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced, without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

Case 1:11-cv-05783-FB-CLP Document 6-1 Filed 07/26/12 Page 4 of 15 PageID #: 34

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and vice versa. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in Paragraph E with respect to that document.

# I. <u>INTERROGATORIES</u>

1. Identify each and every telephone number that plaintiff is associated with, pays for, identifies or provides as his contact number, uses on a regular basis, and/or receives calls to, as well as the length of time that the plaintiff(s) has been affiliated with said number(s).

2. For each of the telephone numbers provided in response to No. 1, above, describe the type of telephone number (place of employment number, landline or home phone number, cellular telephone number, or otherwise), and the address(es) the phone number is associated with (for example, where phone bills for the phone number would be sent).

3. For each of the telephone numbers provided in response to No.1, please state and/or describe the service provider, any governing phone plan, and a breakdown of the typical monthly charges for the service, if applicable.

4. Which of the telephone numbers provided in response to No. 1 were provided to "Bill me Later?"

5. Identify the phone number(s) that received the calls and/or messages as alleged in the complaint, in addition to the relevant dates and times of each call and/or message.

6. Please provide neighbor "Bashie Rabinowitz's" contact information, including his address and telephone number.

7. Please describe plaintiff's relationship with Bashie Rabinowitz, including but not limited to how long they have known each other, how they met, how often they see each other, and/or speak on the phone.

8. Please provide Joel Rozenweig's contact information, including his address and telephone number.

9. Please describe plaintiff's relationship with Joel Rozenweig, including but not limited to how long they have known each other, how they met, and how often they see each other and/or speak on the phone.

10. Please describe exactly what defendant allegedly disclosed to Bashie Rabinowitz about plaintiff's debt, including, but not limited to, direct quotes and/or the contents of the communication, dates of the alleged disclosure, type of transmission (telephone conversation or telephone message), and times.

11. Please describe how Joel Rozenweig overheard a message left on plaintiff's "family's voicemail." For example, whether plaintiff provided him with a voicemail pincode and authorized Mr. Rozenweig to listen to his messages through the phone receiver, the message was played by an answering machine on speaker to a room, etc.

12. Regarding the voicemail system of plaintiff where Joel Rozenweig allegedly heard the "foti compliant" message from defendant to plaintiff, please describe, in detail, the type of voicemail system utilized; an answering machine with a speaker which plays the messages to the room, a voicemail system that requires a dial-in pin code that allows a recipient to listen to calls through the telephone receiver, etc.

13. If plaintiff contends that he does not have any recordings of the alleged conversations and/or messages with plaintiff and the referenced third parties, beyond those supplied by the defendant, please explain what happened to them and if any attempts were made to preserve the evidence.

14. Identify how and when plaintiff was informed about the neighbor's alleged third party disclosure and Rozenweig's alleged third party disclosure.

15. If plaintiff is employed, please provide plaintiff's employer, job title, place of employment address, and place of employment telephone number or numbers.

16. If plaintiff is alleging that he uses the "evoice" service, please describe, in detail, how the service works and which of plaintiff's telephone number(s) is associated with the service [or receives call forwarding or porting from the service].

17. Please identify the date plaintiff alleges he signed up for the "evoice" service and the duration of time that he has been using the service.

18. Please describe how plaintiff found out about the "evoice" service, whether it be through a friend, relative, or the like.

19. Please describe, in detail, why plaintiff signed up for the "evoice" service and how the service benefits him in his day-to-day life.

20. Is plaintiff alleging any illegal calls to a cellular telephone number in this case?

21. Regarding plaintiff's "evoice" service, identify how much he paid for the service during the time of the disputed calls (June to October 2011) per month, how much each feature costs based on usage, what features of the service he signed up for, and any charges incurred per incoming or outgoing call during the time period of the calls at issue.

22. Please describe how the "evoice" call retrieval process works, from the caller placing the call to a certain number and the transmission of the call to the "evoice" service and plaintiff.

23. State the total amount plaintiff was billed, in excess of his pre-arranged/allotted phone plan minutes for the month, for any of the alleged "illegal" calls from defendant to plaintiff (calls occurred from 6/2011 to roughly 10/2011).

24. State the total amount of minutes deducted from either plaintiff's applicable phone plan and/or evoice plan as a result of alleged calls from defendant, and identify the number associated with each and every referenced phone plan.

25. What factual basis does plaintiff have for asserting that he received calls via an autodialer and/or pre-recorded voice?

Dated:        New York, NY
                June 8, 2012

                                                        _____/s/ Hilary Korman_____
                                                        MEL S. HARRIS AND ASSOCIATES, LLC
                                                        By: Hilary Korman, Esq.
                                                        Attorneys for defendant
                                                        5 Hanover Square, 8th Floor
                                                        New York, NY 10004
                                                        (212) 571-4900 ext. 3309

To:
Via Electronic Mail
Adam Fishbein, Esq.
Attorney for Plaintiff
fishbeinadamj@gmail.com

## II.  REQUEST FOR PRODUCTION OF DOCUMENTS

1. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.1 (Set One) which was directed to Plaintiffs and served concurrently herewith.

2. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.2 (Set One) which was directed to Plaintiffs and served concurrently herewith.

3. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.3 (Set One) which was directed to Plaintiffs and served concurrently herewith.

4. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.4 (Set One) which was directed to Plaintiffs and served concurrently herewith.

5. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.5 (Set One) which was directed to Plaintiffs and served concurrently herewith.

6. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.6 (Set One) which was directed to Plaintiffs and served concurrently herewith.

7. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.7 (Set One) which was directed to Plaintiffs and served concurrently herewith.

8. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.8 (Set One) which was directed to Plaintiffs and served concurrently herewith.

9. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.9 (Set One) which was directed to Plaintiffs and served concurrently herewith.

10. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.10 (Set One) which was directed to Plaintiffs and served concurrently herewith.

11. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.11 (Set One) which was directed to Plaintiffs and served concurrently herewith.

12. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.12 (Set One) which was directed to Plaintiffs and served concurrently herewith.

13. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.13 (Set One) which was directed to Plaintiffs and served concurrently herewith.

14. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.14 (Set One) which was directed to Plaintiffs and served concurrently herewith.

15. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.15 (Set One) which was directed to Plaintiffs and served concurrently herewith.

16. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.16 (Set One) which was directed to Plaintiffs and served concurrently herewith.

17. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.17 (Set One) which was directed to Plaintiffs and served concurrently herewith.

18. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.18 (Set One) which was directed to Plaintiffs and served concurrently herewith.

19. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.19 (Set One) which was directed to Plaintiffs and served concurrently herewith.

20. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.20 (Set One) which was directed to Plaintiffs and served concurrently herewith.

21. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.21 (Set One) which was directed to Plaintiffs and served concurrently herewith.

22. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.22 (Set One) which was directed to Plaintiffs and served concurrently herewith.

23. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.23 (Set One) which was directed to Plaintiffs and served concurrently herewith.

24. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.24 (Set One) which was directed to Plaintiffs and served concurrently herewith.

25. All Documents that Plaintiff(s) identified or relied upon in their response to Defendant's Interrogatory No.25 (Set One) which was directed to Plaintiffs and served concurrently herewith.

26. Any and all documents demonstrating that defendant called plaintiff as alleged in the complaint.

27. Regarding telephone number **347-282-2323**, all documents, including but not limited to phone bills sent by the phone company, which demonstrate use, ownership of the telephone number,

and alleged calls by defendant during the relevant period (June 2011 through October 2011), the individual(s) responsible for paying the phone bills associated with the telephone number, the identity of the phone line's subscriber(s), the physical address associated with the phone number, and the phone services provided.

28. Regarding telephone number **917-776-3280**, all documents, including but not limited to phone bills sent by the phone company, which demonstrate use, ownership of the telephone number, and alleged calls by defendant during the relevant period (June 2011 through October 2011), the individual(s) responsible for paying the phone bills associated with the telephone number, the identity of the phone line's subscriber(s), the physical address associated with the phone number, and the phone services provided.

29. If plaintiff is alleging that he was illegally called on any other numbers besides those referenced in Nos. 27 and 28, please produce all documents, including but not limited to phone bills sent by the phone company, which demonstrate use, ownership of the telephone number, and alleged calls by defendant during the relevant period (June 2011 through October 2011), the individual(s) responsible for paying the phone bills associated with the telephone number, the identity of the phone line's subscriber(s), the physical address associated with the phone number, and the phone services provided.

30. Regarding the "evoice" service that plaintiff alleges to employ, please produce all documents which reflect the telephone number(s) the service is associated with and who is responsible for paying the "evoice" bills.

31. Regarding the "evoice" service that plaintiff alleges to employ, please produce all documents demonstrating how the paging service/porting/call forwarding service functions as it relates to the specific services employed by the plaintiff (such as a phone bill with plaintiffs' name that

plaintiff subscribes to said service) and the fee structure associated with the service as it relates to each incoming or outgoing call.

32. Regarding the "evoice" service that plaintiff alleges to employ, please produce the applicable bills, of plaintiff(s) or otherwise, from November 2010 to the present.

33. Regarding the "evoice" service that plaintiff alleges to employ, please produce all documents which demonstrate the date that plaintiff(s) first signed up for said service, even if it was prior to November 2010.

34. Regarding all calls placed to an alleged "evoice" number of plaintiff, please produce any documents, e-mails, and the like reflecting the transcriptions of calls and/or messages from defendant received by plaintiff.

35. All documents related to, or reflecting, the underlying debt(s)/account(s) that defendants were attempting to collect from Plaintiff, including the transactional history, signed promissory note, signed application, and the like.

36. All documents, voicemails, and/or original recordings, in their original form, of telephone discussions between defendant and plaintiff and/or or messages left by defendant for plaintiff (if not already produced by defendant).

37. All documents, voicemails, and/or original recordings, in their original form, of telephone discussions between defendant and any of the third parties referenced in the complaint and/or or messages left that the third parties allegedly overheard.

38. All documents identifying and describing the type, maker, and serial number of plaintiffs' voicemail system connected to or associated with plaintiffs' telephone number(s) that received the calls and messages complained of in the complaint.

39. Any and all documents identifying and/or describing any civil, criminal, or bankruptcy matters that plaintiff has been a party to or in any way involved with, including FDCA, TCPA, and

collections actions, as either a plaintiff or defendant, as well as any documents reflecting the outcome or disposition of the proceedings.

40. Any and all documents identifying and/or describing any instances where plaintiff has been arrested, indicted, or convicted of a crime, if applicable.

41. Any and all documents evidencing any collection agency's or law firm's attempts to collect defaulted debts or accounts associated with Plaintiff from Plaintiff.

42. Any and all documents evidencing accounts (credit accounts or otherwise) where plaintiff did not pay or settle the balance in full and/or accounts that were referred to agencies/law firms for collection.

43. All documents demonstrating other civil actions or other matters where plaintiff's counsel has represented plaintiff, his family members, or friends.

47. All documents demonstrating plaintiffs' actual and/or statutory damages referred to in the complaint, including the alleged charges incurred for defendant's collection communications (¶ 21 of complaint).

Dated:  New York, NY
        June 8, 2012

						____/s/ Hilary Korman_____
						MEL S. HARRIS AND ASSOCIATES, LLC
						By:  Hilary Korman, Esq.
						Attorneys for defendant
						5 Hanover Square, 8th Floor
						New York, NY 10004
						(212) 571-4900 ext. 3309

To:
Via Electronic Mail
Adam Fishbein, Esq.
Attorney for Plaintiff
fishbeinadamj@gmail.com

## *CERTIFICATE OF SERVICE*

I, Hilary Korman, declare under penalty of perjury:

I am a citizen of the United States, am over the age of 18 years, and am not a party to or interested in the within entitled cause.  My business address is 5 Hanover Square, 8th Floor, New York, New York, 10004.

On June 8, 2012, I served the following document on the parties in the within action:

**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

BY ELECTRONIC MAIL TO:

   Adam Fishbein, Esq.
   Attorney for Plaintiff
   fishbeinadamj@gmail.com

Dated:  New York, NY
            June 8, 2012

                            _____/s/ Hilary Korman_____
                                    Hilary Korman, Esq.